### MARGARITO ANAYA v. THE STATE.

#### No. 5446.  Decided October 15, 1919.

**1.—Theft of Horse—Statement of Facts—Charge of Court.**

In the absence of a statement of facts, complaints to the charge of the court cannot be considered where the charge is entirely compatible with a statement of facts provable under the allegation in the indictment, neither can requested charges be considered.

**2.—Same—Evidence—Bill of Sale—Bill of Exceptions.**

Where the bill of exceptions does not enable this court to decide why, or ascertain any reason why certain bills of sale were not admissible in evidence, this court in the absence of a statement of facts finds no reversible error.

Appeal from the District Court of Presidio.  Tried below before the Hon. Joseph Jones.

Appeal from a conviction of the theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for horse theft. The record does not contain a statement of facts. The charge is entirely compatible with a statement of facts provable under the allegations in the indictment. Bills of exception were reserved to the introduction of testimony, and the refusal of the court to give special instructions. Without the statement of facts the ruling of the court with reference to the special charges cannot be considered. A bill of exceptions was reserved to the introduction of a bill of sale, or an instrument purporting to be such, signed by appellant, conveying a right to one mule to the alleged purchaser, in the bill named Preston. The other bill was reserved to another bill of sale made by appellant to Harry Preston conveying one "buckskin horse eight years old." These bills are meager. The objection urged was that same was prejudicial to the rights of appellant and calculated to unduly impress their minds with said evidence. The court signs the bill with the statement that the State's prosecuting witness, Harry A. Preston, identified both of said instruments as the bills of sale signed by defendant and by him delivered to witness to verify the sale of the animals therein named to witness. The meager condition of the bills does not enable this court to decide why, or ascertain any reason why, the bills of sale were not admissible. Whether they were or not would depend upon facts and circumstances arising during the trial or that might arise. In the condition of the bills of exceptions and the record we are unable to say that the court erred in permitting this evidence to go to the jury.

The judgment will be affirmed.

*Affirmed.*